UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF
TEXAS

| | |
|---|---|
| **Erica Seleste Lequet,**<br><br>　　　　　Debtor.<br>_____<br><br>**Erica Seleste Lequet**,<br><br>　　　　　Plaintiff<br><br>　　vs.<br><br>**Kevin and Dana Waldrep, aka Perdlaw LLC.**<br><br>　　　　　Defendant(s). | Case No. 22-10069<br><br>Chapter 7<br><br>Adv. Proc. No._____<br><br>**COMPLAINT**<br><br>**11 U.S.C. § 362(k)** |

DEBTOR'S MOTION

1.

INTRODUCTION

Prior to filing this lawsuit, plaintiff repeatedly gave defendant(s) notice of her bankruptcy by mail, text, and phone and asked defendant(s) to stop harassing her with unwanted collection calls and texts regarding pre-petition as well as post petition debt.

*COMPLAINT - Page 1 of 6*

2.

Plaintiff has a right to be free from unwanted collection calls, texts, emails and threats during her bankruptcy. (see attached Exhibits A-E)

3.

Defendant's willful violation of the automatic stay caused plaintiff sleepless nights, upset stomach, embarrassment to plaintiff's reputation and character as well as other significant emotional harm distinct from the inherent stress of the normal bankruptcy process. It barred the Plaintiff from applying for new housing due to the defendant(s) recent eviction filing in the justice court after already receiving notice via mail as well as text of the the automatic stay. (exhibits A-E) Jefferson County Rental Assistance was able and ready to help the plaintiff and her family relocate with the funds that were initially going to be given to Kevin and Dana Waldrep prior to them denying the assistance, however, upon discovering the amount of money that would be given to the Plaintiff, $6,400, Dana Waldrep contacted the assistance program and assured them that if they gave her the money rather than providing the plaintiff with relocation assistance, that she would allow the tenant and her children to remain in the unit.

Once the funds were received by Kevin and Dana Waldrep, they informed the plaintiff that they would not be extending another lease to them and that their last day to remain in the property would be June 30, 2022, which would be the last day that the Assistance program would be able to pay them for any future rent. This is also after the plaintiff's air conditioner broker just 1 week prior. Upon asking for reimbursement for the plaintiff having no choice but to

*COMPLAINT- Page 2OF 6*

purchase her own portable a/c units due to the lack of the landlords duties, the only response to that request that was given by the Landlords is that they decided not to renew the lease.

4.

## JURISDICTION

This Court has jurisdiction under 28 U.S.C. § 1334 because the automatic stay arises under Title 11.

5.

Plaintiff Erica Seleste Lequet filed Chapter 7 bankruptcy in case number 22-10069 in the United States Bankruptcy Court Eastern District of Texas on March 2, 2022.

6.

Defendants Kevin and Dana Waldrep, also known as Perdlaw, LLC is a Domestic limited liability company and its Texas registered agent is Dana K. Waldrep, 3102 Price St, Nederland, Texas 77627.

7

Venue is proper because defendant attempted to collect from plaintiff while she was under the protection of the Texas Bankruptcy

8.

## COURTS AUTOMATIC STAY

Plaintiff's automatic stay claim is a core proceeding under 28 U.S.C. § 157(b)(2) (see In re Gruntz, 202 F.3d 1074, 1081 (9th Cir. 2000); In re Goodman, 991F.2d 613, 617 (9th Cir. 1993)) and plaintiff consents to entry of final orders and judgments by the Texas Bankruptcy Court in this adversary proceeding.

9.

## FACTUAL ALLEGATIONS

This complaint's allegations are based on personal knowledge as to plaintiff's conduct and made on information and belief as to the acts of others.

10.

Defendant's conduct as alleged above was in pursuit of profit, and constituted a wanton, outrageous and oppressive violation of plaintiff's right to be free from collection activities during bankruptcy.

11.

## CAUSE OF ACTION

Plaintiff incorporates the allegations above by reference.(11 U.S.C. § 362(k)).

12.

Defendant's violation of 11 U.S.C. § 362(a)(6) as alleged above was "willful" as that term is defined in the Ninth Circuit because its conduct was intentional, it had prior actual knowledge of the automatic stay from multiple sources, its conduct was unreasonable, and any alleged mistake of law was not a defense. Further, because the plaintiff exercised her tenant rights by demanding that the landlord repair her air conditioner as well as reimburse her for any expenses that she had incurred due to the landlord's lack of duties. According to Section 92.331 of the Texas Property Code, Under this law, a landlord may not retaliate by ending the lease or filing evictions proceedings for at least 6 months.

13.

Under 11 U.S.C. § 362(k), plaintiff is entitled to compensation for actual damages, proportional punitive damages, and reasonable fees and costs from defendant in amounts to be decided by the Court.

14.

## PRAYER FOR RELIEF

After a stipulation or determination that defendant willfully violated the automatic stay, plaintiff seeks relief as follows:

Money Judgment in favor of plaintiff against defendant for actual damages and punitive damages as well as for emotional stress as well as countless hours spent having to research due to plaintiff not being able to afford her own attorney.

Plaintiff also seeks any equitable relief this Court may determine is fair.

Plaintiff may intend to amend this complaint to include additional claims.

Respectfully Submitted,

June 7, 2022

Erica Seleste Lequet
Pro Se
719 N 14th St.
Nederland, TX  77627
ericaseleste8119@gmail.com
(409) 444-0382